IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL LOUISE MARCHESE,
      Plaintiff,

vs.                             Case No.: 3:18cv1545/LAC/EMT

JERRY CHAMPION, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a detainee of the Florida State Hospital in Chatahoochee, Florida, pursuant to an order of the Escambia County Circuit Court, Case No. 2015-CF-001632, in which the court deemed Plaintiff mentally unable to stand trial on three pending criminal charges. Plaintiff commenced this civil rights case by filing a complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion to proceed in forma pauperis (ECF No. 4).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by Plaintiff, as well as Plaintiff's litigation history, it is the opinion of the undersigned that this case should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time she initiates her lawsuit, and her failure to do so warrants dismissal of her case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

As an initial matter, Plaintiff qualifies as a "prisoner" under § 1915(g). Section 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility

who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Because Plaintiff is detained at Florida State Hospital and is accused of committing a crime, but deemed incompetent to proceed to trial, Plaintiff is considered a "prisoner" for purposes of § 1915(g).

As for Plaintiff's litigation history, the court takes judicial notice of the following prior federal civil actions filed by Plaintiff, while a prisoner, which were dismissed for failure to state a claim upon which relief may be granted. Marchese v. First Judicial Circuit Court Escambia Cnty., No. 3:18-cv-00094-MCR-CJK, Order, ECF No. 19 (N.D. Fla. Apr. 18, 2018) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii)); Marchese v. Stevenson and Klotz Law Firm, No. 3:18-cv-00309-LAC-EMT, Order, ECF No. 10 (N.D. Fla. May 3, 2018) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii)); Marchese v. Fla. State Hosp., No. 4:18-cv-00116-MW-CAS, Order, ECF No. 9 (N.D. Fla. May 15, 2018) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)).

Each of the cases identified by the court qualifies as a "strike" for purposes of § 1915(g). And all of these cases were dismissed prior to July 15, 2018, the date

Plaintiff filed the instant case (*see* ECF No. 1 at 7, 12).  Therefore, Plaintiff may not litigate this case in forma pauperis unless she demonstrates she is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); <u>Brown</u>, 387 F.3d at 1344.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  <u>Brown</u>, 387 F.3d at 1350.  When determining whether a plaintiff has met her burden of proving that she is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.*; <u>Jackson v. Reese</u>, 608 F.2d 159, 160 (5th Cir. 1979); <u>McAlphin v. Toney</u>, 281 F.3d 709, 710 (8th Cir. 2002).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See* <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that she faced a past imminent danger is an insufficient

basis to allow her to proceed in forma pauperis pursuant to the imminent danger exception. *See* <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 213 (3d Cir. 2001).

Here, Plaintiff seeks to sue officials at the Escambia County Jail, claiming that during her detention at the Jail in July of 2015, another inmate threw feces on her, but prison officials "showed no concern" and then harassed, defamed, and discriminated against her (*see* ECF No. 1 at 4, 6).[1] Plaintiff also claims that in March of 2016, she slipped and fell twice near her cell, but was denied medical attention by Jail officials (*see id.* at 5). Plaintiff brings claims of discrimination, defamation, and "indangerment [sic]" (*id.* at 7). As relief, Plaintiff seeks release from Florida State

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

Hospital and several hundred billion dollars in compensatory damages for her illegal confinement and the abuse she suffered at the Jail (*id.*).

Plaintiff's allegations do not suggest that at the time she filed the Complaint, on July 15, 2018, she was suffering ongoing serious physical injury, or that there was a likelihood of imminent serious physical injury as a result of any Defendant's conduct.  Therefore, her allegations fail to show that she qualifies to proceed under the "imminent danger" exception of § 1915(g).

Because Plaintiff did not pay the $400.00 filing fee at the time she commenced this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed.  Leave should not be provided to allow her to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time she submits the complaint.  *See* Dupree, 284 F.3d at 1236.  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Plaintiff's motion to proceed in forma pauperis (ECF No. 4) be **DENIED**; and

2.      That this case be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 12ᵗʰ day of September 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.